FILED
SUPERIOR COURT
OF GUAM

2022 FEB 10 PM 3: 31

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE V. GUAM,<br><br>                                    Plaintiff,<br><br>vs.<br><br>BOB STEVEN PANGELINAN,<br><br>                                    Defendant. | Case No. CM0108-20<br><br>**DECISION AND ORDER**<br>**(Defendant Bob Steven Pangelinan's Motion**<br>**for Civil Compromise)** |

## INTRODUCTION

This matter came before the Honorable Alberto E. Tolentino on January 18, 2022, for further proceedings on Defendant Bob Steven Pangelinan's Motion for Civil Compromise, filed on October 27, 2021. Assistant Public Defender Kathleen Aguon represents Bob Steven Pangelinan ("Defendant"). Katherine Nepton represents the People of Guam ("People"). Having considered the arguments and the applicable law, the Court hereby **GRANTS** the Motion for Civil Compromise.

## BACKGROUND

On March 3, 2020, Guam Police Department ("GPD") officers responded to a complaint of a disturbance at a residence in Dededo. Mag. Complaint, Mar. 4, 2020. The officers spoke with Mary Solang Pangelinan who informed the officers that Defendant shoved the back of his minor son's head following an argument. *Id.* Aaron Solang Pangelinan informed the officers that he tackled Defendant following the shove to prevent any further

harm to Defendant's son. *Id.* Aaron Solang Pangelinan and the minor son went inside of the house and locked the doors. *Id.* Defendant struggled with one of the locked doors and bashed his head on the screen door of the house. *Id.* In doing so, he tore a hole in the metal screen. *Id.* The hole is approximately one foot in length. *Id.* When the officers arrived, they located Defendant in his wooden shack behind the house. *Id.* Defendant refused to talk with the officers about the incident. *Id.*

Defendant was charged with (1) Criminal Mischief (As a Misdemeanor) and (2) Harassment (As a Petty Misdemeanor). *Id.* On October 27, 2021, Defendant filed the instant motion. Def. Bob Steven Pangelinan's Mot. for Civil Compromise (hereinafter "Def.'s Mot."), Oct. 27, 2021. The People filed a response. People's Resp. to Def.'s Mot. for Civil Compromise (hereinafter "People's Resp."), Nov. 15, 2021. On January 18, 2022, the Court held further proceedings and took the parties' arguments under advisement. Minute Entry, Jan. 18, 2022.

## DISCUSSION

Defendant argues that both victims have a civil remedy available to them. Def.'s Mot. at 3. He further argues that the incident was isolated and the victims have since moved on and forgiven Defendant. *Id.* Lastly, he argues that Mary Pangelinan has relocated to Washington and does not intend to return to Guam. *Id.* The People do not oppose Defendant's motion. People's Resp. at 1.

Title 8 GCA § 80.90 provides that a court may order a criminal action dismissed, "[w]hen the defendant has been charged with the commission of an offense which is not a felony for which the person injured by the act constituting the offense has a remedy by a civil action," and "[when] the person injured appears before, or files his declaration in, the court in

which the criminal action is pending . . . and acknowledges that he has received satisfaction for the injury."

The Guam Legislature based 8 GCA § 80.90 on California Penal Code §§ 1377 and 1378. California case law is persuasive when there is no compelling reason to deviate from California's interpretation. *Zurich Ins. (Guam), Inc. v. Santos*, 2007 Guam 23 ¶ 7. The legislative purpose of allowing civil compromise of misdemeanor cases is to remove from criminal prosecution those offenses for which there is a civil remedy available; the purpose is not to guarantee a victim maximum compensation for the injury. *People v.* Stephen, 182 Cal. App.3d 14, 27 (1986). The rationale for this legislative purpose is that requiring the accused to make restitution directly and immediately to the individual victim best serves the public interest. *Id.*

In *People v. Moulton*, 131 Cal. App.3d Supp. 10 (1982), the California Court of Appeals identified factors for consideration when determining whether to dismiss a misdemeanor criminal prosecution under a civil compromise statute. These factors include: (1) whether the civil injury was coextensive with the criminal violation; (2) whether the circumstances were such that through private settlement the injury to the public was fully vindicated; and (3) whether the victim's settlement was made voluntarily. *Id.* at 21–23.

Defendant is charged with Criminal Mischief (As a Misdemeanor) pursuant to 9 GCA §§ 34.50(c), (b) and 34.60(c) and Harassment (As a Petty Misdemeanor) pursuant to 9 GCA § 61.20(c). The Court finds there is a civil remedy available under Guam law in this case. As a civil remedy was readily available at the inception of this criminal case, it follows that the civil injury was coextensive with the criminal violation.

The California Court of Appeal held in *Moulton* that the seriousness of the injury—as well as the circumstances of the offense—are taken into consideration in "determining whether

a civil satisfaction adequately vindicates the public's interest in enforcing its criminal laws." *Id.* at 23. The Court acknowledges that Defendant and Victims in this case are all family. Accordingly, the declarations submitted by both victims and finds that the private settlement fully vindicates any injury to the public.

Lastly, the Court notes that the both Mary Pangelinan and Aaron Solang Pangelinan ("Victims") submitted Declarations. The Declarations state that the Victims understand they have a remedy through civil action. Decl. of Mary Pangelinan, Oct. 27, 2021; Decl. Aaron Solang Pangelinan, Oct. 27, 2021. The Declarations were submitted under penalty of perjury and therefore, the Court does not question the validity of the Declarations. The Court accepts the Victims have voluntarily made their Declarations.

Thus, the Court holds that the elements of 8 GCA § 80.90 are satisfied because the acts constituting the offense have a remedy by civil action, the injury suffered by the victim was not serious in nature and private settlement would fully vindicate any injury to the public, and the victims have submitted a declaration under the penalty of perjury that they have received satisfaction for the injury and would like for the Attorney General's Office to dismiss this case by way of civil compromise.

## CONCLUSION AND ORDER

For the above reasons, the Court **GRANTS** the Motion for Civil Compromise and **ORDERS** Superior Court of Guam Criminal Case No. CM0108-20 dismissed.

SO ORDERED, this _____ day of ___ FEB 1 0 2022 ___ 2022.



HONORABLE ALBERTO E. TOLENTINO
Judge, Superior Court of Guam